**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIIL V. ZHUK, | No. 12-15682 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-03073-MCE-CHS |
| v. | |
| MIKE MCDONALD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Petitioner Daniil Zhuk appeals from the district court judgment denying his

petition for writ of habeas pursuant to 28 U.S.C. § 2254. Zhuk challenges his

California convictions for first-degree felony murder, attempted robbery, and

attempted carjacking. Zhuk argues that the jury committed prejudicial misconduct

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

in violation of his federal constitutional rights by allegedly (1) bartering votes to reach a compromise verdict, (2) injecting professed legal expertise into deliberations, (3) using the verdict to send a message, and (4) considering potential punishment.[1] We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The California Court of Appeal denied Zhuk's motion for a new trial based on the jury misconduct he alleges here. We must deny Zhuk's habeas petition unless he establishes that (1) the state court's decision contradicted clearly established federal law, 28 U.S.C. § 2254(d), and (2) the alleged misconduct had a substantial and injurious effect on the jury's verdict, *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). *Vasquez v. Kirkland*, 572 F.3d 1029, 1035 (9th Cir. 2009).

Zhuk has not established that the state court's decision on his jury vote bartering claim contradicted clearly established federal law, because he has not identified any Supreme Court precedent holding that a court must order a new trial when jurors barter votes to reach a compromise verdict. *See Williams v. Taylor*, 529 U.S. 362, 405 (2000). In fact, the Supreme Court has suggested that courts are ordinarily powerless to upset compromise verdicts. *Stein v. New York*, 346 U.S.

---

[1] Zhuk's claims are based on declarations he procured from two jurors. We need not resolve the parties' dispute regarding admissibility of these declarations because even if we consider them in their entirety, Zhuk's claims fail.

156, 178 (1953), *overruled on other grounds by Jackson v. Denno*, 378 U.S. 368, 391 (1964).

Zhuk has not established that the state court's decision on his other jury misconduct claims contradicted clearly established federal law. He has not identified Supreme Court precedent holding that a court must order a new trial when jurors inject their professed legal expertise into deliberations, use the verdict to send a message, or discuss potential punishment. *Williams*, 529 U.S. at 405. Moreover and in any event, Zhuk has not established that these forms of alleged misconduct had a substantial and injurious effect on the verdict. *Brecht*, 507 U.S. at 623. As the California Court of Appeal held, the professed expertise injected into deliberations by a juror who worked as a legal secretary would not likely have been accorded substantial weight by other jurors and was not an inaccurate statement of law. Because the jury was clearly and repeatedly instructed not to find Zhuk guilty unless the prosecution proved his guilt beyond a reasonable doubt and not to consider punishment during deliberations, the jury would not likely have based its verdict on a desire to send a message or considerations of punishment. *See Fields v. Brown*, 503 F.3d 755, 781-82 (9th Cir. 2007) (en banc).

**AFFIRMED.**